[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF
APPEALS
ELEVENTH CIRCUIT
JANUARY 17, 2006
THOMAS K. KAHN
CLERK

No. 05-12415
Non-Argument Calendar
_____

D. C. Docket No. 05-10006-CV-JLK

GARBO, INC., a Florida corporation,
GARY MICELI,

Plaintiffs-Appellants,

versus

CITY OF KEY WEST, FLORIDA,
of the State of Florida,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(January 17, 2006)**

Before TJOFLAT, PRYOR and COX, Circuit Judges.

PER CURIAM:

Plaintiffs Garbo, Inc. and Gary Miceli appeal the judgment of the district court dismissing with prejudice the entirety of their complaint against the City of Key West, Florida. Having considered the briefs and relevant parts of the record, we agree with the district court that the complaint should be dismissed for failure to state a claim upon which relief can be granted.

Plaintiffs do not properly plead a cause of action for violation of their substantive due process rights. *See Greenbriar Village, L.L.C. v. Mountain Brook, City*, 345 F.3d 1258, 1262-63 (11th Cir. 2003). Neither can they maintain a claim for violation of the Fifth Amendment because they did not pursue their remedies under Florida law before bringing this action. *Williamson Co. Regional Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 105 S. Ct. 3108 (1985).

The state law tort claim asserted by Plaintiffs was properly dismissed pursuant to the doctrine of sovereign immunity. Finally, the Plaintiffs' argument that the district court erroneously dismissed their state law inverse condemnation claim is meritless because the complaint includes no such claim.

The judgment of the district court is, therefore,

**AFFIRMED.**